UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL DIAZ,<br><br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.; CAPITAL ONE FINANCIAL CORPORATION; and CAPITAL ONE BANK (USA), N.A.,<br><br>   Defendants. | Case No.: 21cv526-DMS-LL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS** |

Currently before the Court is Plaintiff's Motion to Compel Discovery Responses Pursuant to Federal Rule of Civil Procedure 37(a). ECF No. 22 ("Mot."). Defendants filed a Response in Opposition [ECF No. 23 ("Opp.")], and Plaintiff filed a Reply [ECF No. 24 ("Reply")]. Plaintiff also seeks monetary sanctions for his attorneys' fees and costs in resolving the discovery dispute and for filing the instant motion. Mot. at 11. For the below reasons, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. With respect to Plaintiff's requests for sanctions, the parties may provide supplemental briefing as set forth below.

## BACKGROUND

According to Plaintiff's Complaint, Defendants Capital One N.A., Capital One Financial Corporation, and Capital One Bank (USA), ("Capital One") issued him a credit

card at some point prior to 2020.[1] Compl. ¶ 34. Beginning in January 2021, he was unable to maintain the regular monthly payments. Id. ¶ 35. Upon default, Capital One agents called his cell phone to request payment through the use of an "automatic telephone dialing system" (ATDS) and/or a "recorded voice." Id. ¶¶ 36, 45. The calls occurred "multiple times . . . . often 2-3 times per day, almost every single day." Id. ¶ 36. He retained an attorney who drafted and mailed a cease-and-desist letter revoking consent to call him via the use of an ATDS. Id. ¶ 39. Capital One continued to call Plaintiff's cell phone to request payment through the use of an ATDS and/or recorded voice "often 2-3 times per day, almost every single day . . . . over fifty (50) times in total." Id. ¶¶ 40, 42-43. On March 25, 2021, Plaintiff filed his Complaint alleging violations of the Telephone Consumer Protection Act (TCPA) and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA).

On June 28, 2021, Plaintiff served his first requests for production, interrogatories, and admissions. Mot. at 2. On August 18, 2021, Capital One responded with numerous objections. Id. On August 23, 2021, Plaintiff's counsel sent Capital One a letter claiming its responses "did not contain a single substantive response, nor attach any substantive document to said response." ECF No. 22-8 at 1. Counsel agreed to meet and confer by telephone on September 2, 2021. Mot. at 2. Prior to the September 2, 2021 call, Capital One's counsel stated in an e-mailed letter:

> Plaintiff's Initial Requests seek information and documents that are not proportional to the needs of this single Plaintiff TCPA and RFDCPA case. This is a single plaintiff case involving a small number of calls made over a period of time. Yet, Plaintiff served over two hundred (200) discovery requests, including seventy-two (72) Requests for Production; sixty-three (63) Interrogatories, and seventy-three (73) Requests for Admission. Many of those requests go to issues wholly unrelated to the claims. That is improper. Capital One Bank (USA) NA thus produced responsive documents related to

---

[1] Capital One states that Capital One, N.A. and Capital One Financial Corporation are "incorrectly named" as Defendants. Opp. at 2 n.1.

the claim – namely the entirety of our correspondence to and from Plaintiff and all call logs showing attempts to contact Plaintiff at [his] telephone number[.]

ECF No. 22-10 at 2-3. Plaintiff's counsel claims that during the call Capital One's counsel agreed to supplement its responses regarding:

> (1) Defendant's mailing address; (2) Defendant's phone equipment; (3) said telephone equipment's manual(s); (4) the procedures Capital One had in place to avoid violations of the RFDPCA – an essential element of their "Bona Fide Error" affirmative defense asserted in their Answer . . . ; and (5) Defendant's 3rd party telephone service provider.

Mot. at 3. It is not clear from the papers whether counsel agreed to provide additional responses within any particular time frame. See id. at 4.

On September 17, 2021, counsel jointly contacted chambers regarding a discovery dispute, and the court subsequently issued a briefing schedule ordering Plaintiff to file any motion to compel by September 27, 2021. ECF No. 21. On September 24, 2021, Plaintiff filed the instant Motion to Compel. ECF No. 22. Capital One filed an Opposition on October 4, 2021 [ECF No. 23], and Plaintiff filed a Reply on October 6, 2021 [ECF No. 24].

## **LEGAL STANDARD**

"A district court is vested with broad discretion to permit or deny discovery." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Unless otherwise limited by court order, the scope of discovery under the Federal Rules of Civil Procedure is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Courts must limit the frequency or extent of discovery if it

determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

"[A] party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1)." La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

Plaintiff argues that Capital One did not, as of the date he filed his Motion to Compel, sufficiently respond to his requests for: (1) "the manual(s) for [the] telephone equipment [used by Capital One];" (2) "the specific procedures [Capital One] maintained that were adapted to avoid this particular violation of the RFDCPA (i.e., an essential element of their affirmative Bona Fide Error defense);" and (3) the identity of Capital One's "telephone service provider so that Plaintiff could issue subpoenas to said 3rd party if needed[.]" Mot. at 6. As a result, Plaintiff seeks an order compelling Capital One to respond to "all" his requests for production and "set one" of his interrogatories, and requiring Capital One to provide a factual basis for "all" its denials made in response to Plaintiff's requests for admissions.[2] Id. at 11. Plaintiff also seeks monetary sanctions for his attorneys' fees and

---

[2] Although Plaintiff requests an order compelling Capital One to respond to "all" of his initial discovery requests, in his Motion, he only specifically identifies these three discovery requests.

costs in resolving the dispute and filing the instant motion. Id.

### A. Telephone Equipment Manuals

In Request for Production No. 19, Plaintiff requested that Capital One produce "the User Manual for any and all telephone equipment used by [Capital One] to dial Plaintiff's cellular telephone, along with a list of the full names, model numbers and serial numbers of all equipment used to telephone Plaintiff." ECF No. 22-2 at 13. Additionally, in Interrogatory No. 14, Plaintiff asked Capital One to provide "the manufacturer or program name, [and] serial numbers, of all telephone equipment owned or operated by [Capital One]." ECF No. 22-3 at 10.

In its Opposition, Capital One states, and the papers support, that on October 1, 2021 Capital One provided Plaintiff with "information identifying the telephone equipment used to make calls to [Plaintiff's number]" as well as "the third-party vendor's website maintaining the user manuals for that equipment." Opp. at 5; ECF No. 24-2 at 2. In his Reply, Plaintiff does not dispute this is responsive to his request as modified after meeting and conferring. Rather, Plaintiff generally "renews" his request for an order compelling Capital one to respond to "all" of his requests for production and "set one" of his interrogatories. Reply at 6. Accordingly, to the extent Plaintiff still seeks an order to compel a response to Request for Production No. 19 or Interrogatory No. 14, the motion is **DENIED**.

### B. RFDCPA Compliance Policies

On June 28, 2021, Plaintiff propounded Interrogatory No. 12 asking Capital One to "[d]escribe any and all policies, procedures, and/or manuals [Capital One] had in place on March 17, 2021 to process letters sent by attorneys requesting that Defendant cease and desist calling a represented client in compliance with the [RFDCPA]." ECF No. 22-3 at 10. Plaintiff also propounded Interrogatory No. 13 asking Capital One to "[d]escribe any and all training programs [Capital One] had in place on March 17, 2021 to ensure their employees complied with the [RFDCPA]." Id.

On August 11, 2021, Capital One objected to Interrogatory No. 12 on the grounds

of over breadth, burden, scope of time, relevance, confidentiality, and privilege. ECF No. 22-6 at 7-8. Capital One also objected to Interrogatory No. 13 on the same grounds except for privilege and adding a proportionality objection. Id. at 8. In its response, Capital One stated, "pursuant to Fed. R. Civ. P. 33(d) see Capital One's document production." Id. In his August 23, 2021 meet and confer letter, Plaintiff responded:

> Despite Capital One's boilerplate objection, the Interrogatory is directly relevant as one of Defendant's Affirmative Defense to an RFDCPA claim is a bona-fide error defense [sic], which requires the Defendant to show that they had previously implemented reasonable procedures to prevent the specific type of violation alleged in the case. Capital One even included this defense in its Fifth Affirmative Defense titled: "Unintentional Violation" (See ECF No. 7, pp. 13, ¶¶ 14-17). Paragraph 15 of Capital One's Answer states, "Capital One has implemented procedures to prevent violations of law."

ECF No. 22-8 at 12-13.

On September 2, 2021, Capital One responded in a letter, "[t]he content and/or existence of such policies and training has no bearing on whether [Capital One] violated the RFDCPA vis a vis the Plaintiff." ECF No. 22-10 at 5. On September 3, 2021, after meeting and conferring, Capital One's counsel stated in an e-mail that it agreed to "address whether to amend responses" to Interrogatory Nos. 12 and 13 regarding RFDCPA compliance policies. ECF No. 22-11 at 4. On September 17, 2021, however, the parties jointly contacted chambers regarding a discovery dispute, and the court set September 27, 2021 as the deadline for Plaintiff to file a motion to compel. ECF No. 21. On September 24, 2021 – three days before the deadline – Plaintiff filed his Motion to Compel. ECF No. 22.

Capital One does not dispute that it did not provide a supplemental response to Interrogatory Nos. 12 and 13 by September 24, 2021, the day Plaintiff filed his Motion to Compel. Instead, in its Opposition, Capital One states that after the Motion to Compel was filed it provided "policy and procedure documents related to the receipt of correspondence indicating attorney representation and asking for communications to cease." Opp. at 5. Capital One therefore argues the issue is "remedied." Id. at 9. Capital One also argues that

Plaintiff filed the instant motion three days "before the parties' stipulated deadline to do so" and "before Capital One could produce the supplemental information it agreed to produce." Id. at 2. Capital One further claims it supplemented its discovery responses "only to avoid involving the Court in unnecessary disputes" even though it did "not believe supplementation was necessary." Id. at 3 n.2.

In his Reply, however, Plaintiff argues that Capital One did not provide any supplemental response until October 4, 2021 – ten days after Plaintiff filed the instant motion – which was the same day Capital One's Opposition was due. Reply at 3. Moreover, Plaintiff argues the response it received was "a mere 5-page unidentified document marked as 'CONFIDENTIAL,' which appeared to be a manual for using Capital One's software." Id. at 4. Plaintiff claims the document "still failed to explain Defendant's procedures as Plaintiff's interrogatories requested," id., and "[t]here is no explanation as to what the document is, nor was there a verified response, and nothing in the document explains the Defendant's actual procedures," id. at 3 n.1. Plaintiff also argues, again, that his request for RFDCPA compliance policies is relevant because Capital One has asserted a bone fide mistake defense which requires it to show "reasonable preventative procedures." Id. at 5 (citing Reichert v. Nat'l Credit Sys., 531 F.3d 1002, 1004 (9th Cir. 2008)).

Based on the above, Plaintiff has met his burden of showing that Interrogatory Nos. 12 and 13 are relevant, for discovery purposes, to Capital One's bone fide error defense. Additionally, Capital One has not met its burden of supporting its objections, especially its most recent relevance objection, because (1) it does not address Plaintiff's relevance argument, and (2) it simply presumes the issue is "remedied" based on its production of "documents related to the receipt of correspondence indicating attorney representation and asking for communications to cease." See Opp. at 5, 9. However, neither party attaches a copy of the produced documents to its papers. It is therefore unclear whether the documents are responsive to Plaintiff's interrogatories asking Capital One to "describe" its policies, procedures, and training regarding RFDCPA compliance. Regardless, responding to the interrogatories with an unverified portion of a manual is not a direct response. "Each

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Additionally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5). Accordingly, Plaintiff's motion with respect to Interrogatory Nos. 12 and 13 is **GRANTED**. Capital One is **ORDERED** to provide written responses that are responsive to the interrogatories and comport with the Federal Rules of Civil Procedure, and not just refer back to the document it already provided, on or before **October 25, 2021**.

### C. Telephone Service Provider

On June 28, 2021, Plaintiff propounded Interrogatory No. 19 asking Capital One to "[l]ist the telephone provider who services the telephone number (800) 435-1415." Doc. No. 22-3 at 12. On August 11, 2021, Capital One objected on the grounds of overbreadth, burden, scope, relevance, proportionality, confidentiality, and the undefined "services" term. ECF No. 22-6 at 10. In his August 25, 2021 meet and confer letter, Plaintiff responded:

> The phone number in question belongs to Capital One, N.A. and Capital One, N.A. is uniquely positioned to easily state who the telephone service provider is. Capital One goes on to "object" on the basis that the request is not relevant to any claim or defense. Virtually all of Plaintiff's claims in this case surround unlawful telephone calls. Plaintiff requests the service provider as that entity would be able to produce through a subpoena verifiable phone records highly relevant to Plaintiff's claims. For example, by subpoena Plaintiff could obtain third-party records verifying the calls made by Capital One, N.A. to Plaintiff were more voluminous than the mere 1 page summary of alleged calls to Plaintiff covering the mere time period of February 12, 2021 to April 9, 2021.
>
> Defendant also objects to the term "services," although it states no specific explanation for why it objects to that term. The term "services" in this context is not a term of art or a phrase with a specific definition beyond its normal meaning in the vernacular. In said context, the telephone provider who services the telephone number is clearly understood to be either: AT&T, Sprint, Verizon, and/or one of many other "telephone service providers."

ECF No. 22-8 at 18.

On September 2, 2021, prior to the meet and confer call, Capital One's counsel stated in a letter:

> This information [in Interrogatory No. 19] has no bearing on whether [Capital One] violated the TCPA or RFDCPA. To the extent Plaintiff seeks to subpoena phone records to evaluate against [Capital One's] records, the proper course would be to subpoena Plaintiff's phone carrier. This is assuming Plaintiff does not have access to his own call record history for the relevant time period.

ECF No. 22-10 at 5.

Capital One admits that it has not, to date, disclosed the identity of its telephone service provider. Opp. at 5. Capital One argues that during the September 2, 2021 meet and confer call it "did not agree to definitively provide amended responses or supplement productions," but merely agreed to "advise whether Capital One would amend responses." Id. at 3. Moreover, Capital One argues the request is "beyond the scope of appropriate discovery" because: (1) Plaintiff already has his own phone records, as well as Capital One's phone records, which show the exact same call information; (2) if Plaintiff wants to "triple check" the accuracy of the records, he can subpoena his own carrier; (3) it would be burdensome and expensive for Capital One's carrier "to sift through a financial institution's phone records for calls to a single number," (4) it would be burdensome on Capital One to redact customer information and risk the public disclosure of information; (5) it would be burdensome on Capital One customers who will have their phone numbers provided to Plaintiff's counsel; (6) it would establish dangerous precedent where single plaintiffs could obtain thousands of call records for unrelated third parties; and (7) it would negatively impact relations between Capital One and its service provider and put it at a competitive disadvantage in contract negotiations.[3] Id. at 7-8.

---

[3] Capital One also states that "[i]f the Court is inclined to grant any part of Plaintiff's Motion, Capital One requests that the Court enter a protective order shifting all costs for searching, reviewing, and producing such documents to Plaintiff." Opp. at 8. For the reasons set forth herein, this request is **DENIED without prejudice**.

Most of these arguments are not persuasive because they presume Plaintiff will successfully subpoena call records from Capital One's service provider for other customers besides Plaintiff, and/or both Capital One and its service provider will have to sift through and redact voluminous information in those records.[4] All Plaintiff asked for was the name of Capital One's telephone service provider for a particular 1-800 number so that he "could issue subpoenas to said 3rd party *if needed*." Mot. at 6 (emphasis added). As pointed out by Plaintiff's counsel, Capital One is in a position, one would think, to easily state who its telephone service provider was during the relevant period. Moreover, in a case involving allegedly unlawful telephone calls by Capital One from that number, the name of the service provider would be relevant if only for the purpose of potentially confirming that the service provider's records match the phone records Capital One already provided to Plaintiff. As recognized by Capital One, "[h]e wants to test that theory, by subpoenaing Capital One's telephone carrier to obtain its copy of Capital One's records." Opp. at 5.

In his Reply, however, Plaintiff does not dispute any of Capital One's arguments against disclosing the identity of its telephone service provider. Although Plaintiff concludes his Reply by generally stating that he "renews" his request for an order compelling Capital One to respond to the *entire* first set of his interrogatories, [see Reply at 6], he does not otherwise indicate he is still interested in obtaining the identity of Capital One's service provider as specifically requested in Interrogatory No. 19. Accordingly, it is not clear why Plaintiff needs the identity of Capital One's telephone service provider given, as Capital One points out, that he already has access to his own phone records and Capital One's matching phone records, and given that Plaintiff could presumably subpoena his own phone company if he wanted to verify the records' accuracy.

Accordingly, at this stage in the litigation and based on the evidence and argument

---

[4] Capital One also cites no cases supporting these arguments. It also appears as if many of these arguments may have been raised, for the first time in writing, in Plaintiff's Opposition to the instant motion.

in the parties' papers, Plaintiff's request for Capital One to disclose the identity of its telephone service provider seems cumulative. See Fed. R. Civ. P. 26(b)(2)(C). Cumulativeness falls within the scope, albeit barely so, of Plaintiff's initial boilerplate objections regarding breadth and proportionality, [see ECF No. 22-6 at 10], as well as its subsequent argument that "[t]he proper course would be to subpoena Plaintiff's phone carrier . . . . assuming Plaintiff does not have access to his own call record history for the relevant time period," [ECF No. 22-10 at 5]. Capital One has therefore met its burden of supporting a portion of its objections. Plaintiff's motion with respect to Interrogatory No. 19 is therefore **DENIED without prejudice**. Plaintiff may file a motion requesting reconsideration of this issue, not to exceed five (5) pages, on or before **October 29, 2021**, in which case Capital One may file a response in opposition, not to exceed five (5) pages, on or before **November 5, 2021**.

### D. Sanctions

For several reasons, Plaintiff argues in his Motion to Compel that Capital One should be sanctioned.[5] Mot. at 11. First, Plaintiff argues that Capital One should be subject to sanctions under Rule 37(a)(3)(B) because, despite having made the initial discovery requests on June 28, 2021, as of September 24, 2021, i.e. the date Plaintiff's Motion to Compel was filed, Capital One had not yet responded to its requests regarding telephone equipment (Interrogatory No. 14), RFDCPA compliance policies (Interrogatory Nos. 12 and 13), and the identity of Capital One's telephone service provider (Interrogatory No. 19). Mot. at 7. Second, Plaintiff argues Capital One should be sanctioned under Rules 37(a)(3)-(5) because its objections to Plaintiff's entire first sets of initial discovery requests were "erroneous, as the requests were clear, concise, and extremely relevant." Id. at 8. Third, Plaintiff argues Capital One should be sanctioned with costs and attorney's fees under Rule 37(a)(5)(A) because, based on the multiple correspondence by Plaintiff

---

[5] Plaintiff also argues, and Capital One does not dispute, that he complied with the applicable meet and confer requirements prior to filing the Motion to Compel. Mot. at 8-9.

explaining the deficiencies in its responses and relevance of his requests, there was no substantial justification for Capital One's failure to respond. Id. at 10.

In its Opposition, Capital One does not dispute that it failed to provide a supplemental response until Plaintiff had already filed his Motion to Compel. Opp. at 3 n.2. Instead, Capital One argues, in somewhat contradictory fashion, that Plaintiff filed the motion "before Capital One could produce the supplemental information it agreed to produce" [id. at 2], even though Capital One "did not agree to definitively provide amended responses or supplement productions" [id. at 3], and did "not believe supplementation was necessary" [id. at 3 n.2]. Capital One also argues that sanctions are unavailable because: (1) Plaintiff's request for sanctions "appear to be grounded in the pre-meet and confer position that all of Capital One's interrogatory responses were deficient based on an assertion that 'all of [Capital One's] objections were legally invalid;'" (2) "Capital One's answers and objections to Plaintiff's written discovery requests regarding inter alia their over breadth, burdensomeness, and disproportionate nature is amply supported by the plain language of the federal rules, the claims at issue in this case, and applicable case law;"[6] and (3) "Capital One remedied each issue identified in the meet and confer except the carrier issue, which it submits is beyond the scope of proper discovery." Id. at 9.

In his Reply, Plaintiff argues Capital One should still be sanctioned under Rule 37(d)(1)(A) and Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) because: (1) it did not provide any supplemental response until October 4, 2021 – ten days after Plaintiff filed the instant motion and the day Capital One's Opposition was due; (2) with respect to Plaintiff's request for policies, procedures, and training used to avoid RFDCPA violations, Capital One provided "merely 5 pages from an unidentified computer training manual, which did not explain in anyway said procedures;" and (3) Plaintiff's request for the policies and procedures is relevant because Capital One asserted a bone fide error defense

---

[6] Capital One cites no Federal Rule or case law in support of this argument.

in its Answer. Reply at 2-6. Plaintiff therefore "renews" his request for monetary sanctions for his attorney's fees and costs in resolving this discovery dispute and filing the instant motion. Id. at 6.

A party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . . whose conduct necessitated the motion . . . . or attorney advising that conduct . . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court may not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. If the court grants in part and denies in part a motion to compel discovery, the court may "apportion the reasonable expenses for the motion" after giving an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(C). "[T]he analysis underlying an award of reasonable expenses pursuant to either Rule 37(a)(5)(A) or Rule 37(a)(5)(C) is the same." Blair v. CBE Group, Inc., No. 13cv134-MMA-WVG, 2014 WL 4658731, *3 (S.D. Cal. Sept. 16, 2014) (finding that "courts have recognized that the primary difference between these two rules is that one requires the payment of costs, where the other grants the court discretion in making such a determination") (internal quotation marks and citation omitted)).

Here, the grounds for Plaintiff's request for sanctions are not entirely clear. For example, Rule 37(a)(3)(B), which Plaintiff cites, addresses grounds for filing motions to compel, not for sanctions. Additionally, Rule 37(d)(1), which Plaintiff also cites, applies to complete failures to respond to interrogatories, which is not the case here. Accordingly,

the Henry case upon which Plaintiff relies is inapposite because that case involved sanctions under Rule 37(d).[7] It is also not clear whether Plaintiff seeks sanctions under Rule 37(a)(4), which addresses evasive or incomplete responses, Rule 37(a)(5), which sets forth a fee-shifting standard, or both.

Additionally, as explained above, Plaintiff's Motion to Compel is granted in part and denied in part. In such cases, the standard for imposing sanctions is discretionary. See Fed. R. Civ. P. 37(a)(5)(C) ("[T]he court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.") (emphasis added)). Accordingly, at this stage in the litigation and based on the evidence and argument in the parties' papers, the Court exercises its discretion and declines to order Capital One to pay Plaintiff's reasonable expenses incurred in addressing the relevant portions of the discovery dispute and filing the instant Motion to Compel. Accordingly, Plaintiff's request for sanctions is **DENIED without prejudice**.

## CONCLUSION

For the above reasons, Plaintiff's Motion to Compel [ECF No. 22] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to compel a response to Request for Production No. 19 or Interrogatory No. 14 is **DENIED**. Plaintiff's motion to compel responses to Interrogatory Nos. 12 and 13 is **GRANTED**. Capital One is **ORDERED** to provide written responses on or before **October 29, 2021**. Capital One's motion to compel a response to Interrogatory No. 19 is **DENIED without prejudice**. Plaintiff may file a

///
///
///

---

[7] Plaintiff quotes the court in Henry as stating that sanctions are appropriate "'if the opposing party provides the requested discovery after the motion to compel is filed.'" Mot. at 10; Reply at 2-3. However, this quote does not appear in Henry and was not the holding of Henry. See 983 F.2d 943.

motion requesting reconsideration of this issue on or before **October 29, 2021**, in which case Capital One may file a response in opposition on or before **November 5, 2021**. Plaintiff's request for sanctions is **DENIED without prejudice**.

    **IT IS SO ORDERED**.

Dated: October 22, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge