UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL DIAZ,<br><br>                                Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.; CAPITAL ONE FINANCIAL CORPORATION; and CAPITAL ONE BANK (USA), N.A.,<br><br>                                Defendants. | Case No.: 21cv526-DMS-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 29]** |

Currently before the Court is Plaintiff's Motion for Reconsideration of this Court's Order Denying Without Prejudice Plaintiff's Motion to Compel Discovery Responses. ECF No. 29 ("Mot."). Defendants filed a Response in Opposition. ECF No. 31 ("Opp."). For the below reasons, Plaintiff's Motion is **DENIED**.

**LEGAL STANDARD**

"A district court is vested with broad discretion to permit or deny discovery." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Unless otherwise limited by court order, the scope of discovery under the Federal Rules of Civil Procedure is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The frequency or extent of discovery must be limited if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

Plaintiff seeks an order compelling Defendant to identify its telephone service provider for the number that was used to call Plaintiff. Mot. at 2. As previously noted, on June 28, 2021, Plaintiff propounded Interrogatory No. 19 asking Capital One to "[l]ist the telephone provider who services the telephone number (800) 435-1415." Doc. No. 22-3 at 12. On August 11, 2021, Capital One objected on the grounds of overbreadth, burden, scope, relevance, proportionality, confidentiality, and the undefined "services" term. ECF No. 22-6 at 10. In his August 25, 2021 meet and confer letter, Plaintiff responded:

> The phone number in question belongs to Capital One, N.A. and Capital One, N.A. is uniquely positioned to easily state who the telephone service provider is. Capital One goes on to "object" on the basis that the request is not relevant to any claim or defense. Virtually all of Plaintiff's claims in this case surround unlawful telephone calls. Plaintiff requests the service provider as that entity would be able to produce through a subpoena verifiable phone records highly relevant to Plaintiff's claims. For example, by subpoena Plaintiff could obtain third-party records verifying the calls made by Capital One, N.A. to Plaintiff

> were more voluminous than the mere 1 page summary of alleged calls to Plaintiff covering the mere time period of February 12, 2021 to April 9, 2021.
>
> Defendant also objects to the term "services," although it states no specific explanation for why it objects to that term. The term "services" in this context is not a term of art or a phrase with a specific definition beyond its normal meaning in the vernacular. In said context, the telephone provider who services the telephone number is clearly understood to be either: AT&T, Sprint, Verizon, and/or one of many other "telephone service providers."

ECF No. 22-8 at 18. On September 2, 2021, prior to a meet and confer call, Capital One's counsel stated in a letter:

> This information [in Interrogatory No. 19] has no bearing on whether [Capital One] violated the TCPA or RFDCPA. To the extent Plaintiff seeks to subpoena phone records to evaluate against [Capital One's] records, the proper course would be to subpoena Plaintiff's phone carrier. This is assuming Plaintiff does not have access to his own call record history for the relevant time period.

ECF No. 22-10 at 5.

Capital One previously argued that Interrogatory No. 19 is "beyond the scope of appropriate discovery" because: (1) Plaintiff already has his own phone records, as well as Capital One's phone records, which show the exact same call information; (2) if Plaintiff wants to "triple check" the accuracy of the records, he can subpoena his own carrier; (3) it would be burdensome and expensive for Capital One's carrier "to sift through a financial institution's phone records for calls to a single number," (4) it would be burdensome on Capital One to redact customer information and risk the public disclosure of information; (5) it would be burdensome on Capital One customers who will have their phone numbers provided to Plaintiff's counsel; (6) it would establish dangerous precedent where single plaintiffs could obtain thousands of call records for unrelated third parties; and (7) it would negatively impact relations between Capital One and its service provider and put it at a competitive disadvantage in contract negotiations. ECF No. 23 at 7-8.

This Court previously denied without prejudice Plaintiff's motion to compel the

disclosure of Capital One's telephone service provider because, inter alia, "it is not clear why Plaintiff needs the identity of Capital One's telephone service provider given, as Capital One points out, that he already has access to his own phone records and Capital One's matching phone records, and given that Plaintiff could presumably subpoena his own phone company if he wanted to verify the records' accuracy." ECF No. 25 at 10. Plaintiff now argues that Interrogatory No. 19 is not burdensome or cumulative because "Defendant's telephone service provider will have records of outbound calls made to Plaintiff, which were either not answered, or rejected by Plaintiff due to the excessive frequency of said harassing calls." Mot. at 6. Plaintiff states "only Defendant's [telephone service provider] would likely have records of the many outbound calls that Plaintiff declined to answer." Id. In response, Capital One argues the request is cumulative and unnecessary because "[t]he call records produced by Plaintiff (screen shots of incoming calls to what is purportedly Plaintiff's cellular telephone), clearly display the icon for 'missed call' and not that of a 'voicemail.'" Opp. at 3.

Here, the records attached to Capital One's Opposition contradict Plaintiff's claim that "only" Capital One's telephone service provider would have records of outbound calls that Plaintiff did not answer. Mot. at 2. The records cited by Capital One show that Plaintiff's phone keeps a record of calls that were received but not answered. Accordingly, Capital One has shown support for its argument that Plaintiff's request is cumulative and unnecessary, and it therefore remains unclear why Plaintiff needs Capital One to disclose the identity of its telephone service provider given, as Capital One points out, that he already has access to his own phone records, the data in his phone, and Capital One's matching phone records. See ECF No. 25 at 10. Although Plaintiff argues it is "common knowledge" that telephone service providers "usually maintain records only of inbound calls that were either answered and/or calls that left a voicemail," Mot. at 6, he provides no support for this assertion. He also does not indicate that he investigated whether this assertion is accurate with respect to his own service provider. It is also not clear that records subpoenaed by Plaintiff from Capital One's service provider, as Plaintiff acknowledges he

intends to do, would not contain voluminous information concerning third party customers or calls unrelated to this case that would need to be redacted or otherwise protected to a degree causing undue burden on Capital One and its service provider. Based on the above, Capital One has therefore met its burden of supporting a portion of its objections to Interrogatory No. 19. Plaintiff's motion with respect to Interrogatory No. 19 is therefore **DENIED**.

Plaintiff also seeks monetary sanctions against Defendant pursuant to Rule 37(a)(5)(A), "since the identity of Defendant's [telephone service provider] was never provided, and the Defendant's procedures involving their bona fide error defense were only '. . . . provided after the motion [to compel] was filed.'" Mot. at 2. In support, Plaintiff argues that sanctions are mandatory under Rule 37(a)(5)(A) because the Court partially granted his previous motion to compel. Mot. at 3-4. Plaintiff fails to note, however, that his motion was granted in part and denied in part. As this Court previously noted, "[i]n such cases, the standard for imposing sanctions is discretionary." See ECF No. 25 at 14 (citing Fed. R. Civ. P. 37(a)(5)(C) ("[T]he court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.") (emphasis added)). Accordingly, Plaintiff's request for sanctions on these grounds is **DENIED**. Plaintiff's Motion to File Documents Under Seal [ECF No. 27] is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: November 30, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge